**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
:
Elizabeth Robles, individually and on behalf :
of all others similarly situated, : CASE NO. 1:22-cv-04743
:
:
Plaintiff, :
:
v. : **CLASS ACTION COMPLAINT**
:
: **JURY TRIAL DEMANDED**
RB Health (US) LLC, :
:
Defendant. :
:
---------------------------------------------------------- x

Plaintiff Elizabeth Robles ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this Class Action Complaint against RB Health (US) LLC ("Defendant"), based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

**SUMMARY OF THE ACTION**

1. This class action seeks to challenge Defendant's false and deceptive practices in the marketing and sale of its Cepacol Extra Strength Sore Throat Honey Lemon Lozenges (the "Product").

2. The front label of the Product – which is a cough drop meant to soothe the throat – leads reasonable consumers to believe the Product contains honey and lemon. Specifically, the words "Honey Lemon" appear on the Product's front label without any qualification, as well as an image of a honey dipper with honey oozing down from the dipper, alongside a cut lemon wedge.

1

3. Unbeknownst to consumers however, the Product does not contain honey or lemon.

4. Plaintiff and other consumers purchased the Product and paid a premium price based upon their reliance on Defendant's front label representations about honey and lemon. Had Plaintiff and other consumers been aware that the Product does not contain honey or lemon, they would not have purchased the Product or would have paid significantly less for it. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

## PARTIES

### I. Plaintiff

5. Plaintiff Elizabeth Robles is a citizen of New York and currently resides Brooklyn, New York. In early 2022, Ms. Robles purchased the Product from a CVS, Target, and Walgreens in Brooklyn, New York. Based on the below depicted representations about honey and lemon on the front label of the Product (see paragraph 14), Ms. Robles reasonably believed that the Product contained honey and lemon. Moreover, she did not see any statement or other information on the label indicating that the Product did not contain honey and lemon. Had she known that the Product did not contain honey and lemon, she would not have purchased it, or would have paid significantly less for it.

### II. Defendant

6. Defendant is a New Jersey corporation with its principal place of business in Parsippany, New Jersey. Defendant is a multinational corporation, and one of the largest producers of nutritional and medicinal products, like the Product challenged in this Complaint.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendant's home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

8. This Court has personal jurisdiction over Defendant because it conducts and transacts substantial business in New York, and intentionally and purposefully placed the Product into the stream of commerce within New York.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Namely, Plaintiff purchased the Product in this District.

**FACTUAL BACKGROUND**

10. Defendant is responsible for the manufacturing, marketing, labeling, advertising, and sale of personal care, nutritional, and medicinal products, including the Product at issue here.

11. The Product is part of Defendant's Cepacol line of lozenges, marketed as a remedy for sore throats and as the #1 Doctor Recommended brand of lozenges.

12. Unfortunately for consumers, Defendant engages false and misleading advertising about the Product to gain a competitive edge in the market, all at the expense of unsuspecting consumers.

13. Specifically, the principal display panel of the Product features representations that lead reasonable consumers to believe that the Product contains honey and lemon, when in fact, it contains neither.

14. First, the words "Honey Lemon" appear in large, bold font on the front label of the Product. Immediately above that phrase, Defendant has placed an image of a honey dipper with honey oozing down from the dipper, alongside a cut lemon wedge. Lastly, the lozenges are intentionally colored a golden honey brown color to make them appear as if they contain honey. *See below.*



15. Based on the foregoing representations, reasonable consumers purchase the Product with the expectation that the Product contains both honey and lemon.

16. However, unbeknownst to consumers, *the Product does not contain any honey or lemon*.

17. Instead, the Product appears to be, at most, honey and lemon *flavored*. However, unlike competitor products, nowhere on the front of the label does Defendant inform consumers that the Product is only flavored to taste like honey and lemon. As such, consumers cannot reasonably know or expect that the Product does not contain honey or lemon.

18. Moreover, consumers reasonably expect honey and lemon in the lozenges in part because other lemon/honey lozenges *actually contain both ingredients*. For example, Zand Immunity's Lemon Honey lozenges contain both honey and lemon.[1] Another example is Luden's Honey Lemon throat drops, which contain both honey and lemon.[2] Ricola Honey Lemon Echinacea lozenges contain both honey and lemon.[3] Lastly, Trader Joe's Honey Lemon cough drops contain both honey and lemon.[4]

19. The reasonable belief that the Product contains honey and lemon was a significant factor in Plaintiff and other class members' decisions to purchase the Product. It is well known that consumers value honey as a *natural* therapeutic ingredient, especially for its

---

[1] https://www.zandimmunity.com/products/herbalozenge-lemon-honey?variant=34074485424266&currency=USD&utm_medium=product_sync&utm_source=google&utm_content=sag_organic&utm_campaign=sag_organic&gclid=Cj0KCQjwuO6WBhDLARIsAIdeyDIG1EZayKEChVR9MtLftciJaopQ1q71B_DqUCd6D38-cxZVmVGXTo4aAnB2EALw_wcB
[2] https://www.ludens.com/sore-throat-remedies/honey-lemon#ingredients
[3] https://www.ricola.com/en-us/products/assortment/all-products/honey-lemon-with-echinacea
[4] https://dailymed.nlm.nih.gov/dailymed/fda/fdaDrugXsl.cfm?setid=647dadae-f37a-8399-e053-2991aa0aedb3

ability to help soothe and coat a sore throat.[5] This is because honey has significant amounts of nutrients such as vitamins, minerals, enzymes, and antioxidants. Lemon is also a natural ingredient helpful for sore throats. As the University of Pennsylvania's medical school explains, "[s]imilar to [] honey, lemons are great for sore throats because they can help break mucus and provide pain relief."[6] Lemons also contain a significant amount of Vitamin C, which can help boost immunity and fight infection.[7] For these reasons, consumers would rightfully expect the Product to contain both ingredients, not highly processed flavors.

20. Because the Product does not contain honey and lemon, it is falsely and deceptively advertised, in violation of the laws set forth below.

21. Moreover, although Plaintiff does not assert a claim under federal regulations promulgated by the FDA, Defendant's conduct is in direct violation of federal regulations. Specifically, 21 C.F.R. § 201.10(c)(4), which governs the labeling of ingredients here, states that "the labeling of a drug may be misleading by reason (among other reasons) of: . . . [t]he featuring in the labeling of inert or inactive ingredients in a manner that creates an impression of value greater than their true functional role in the formulation." Here, the labeling of the Product features numerous references to honey and lemon in a manner which makes consumers believe the two ingredients are present in the Product and have a therapeutic and functional role in the throat soothing lozenges. In reality, the Product does not contain honey or lemon, let alone an amount which would aid in the therapeutic nature of the Product. As such, the Product is mislabeled under the federal regulation.

---

[5] https://health.clevelandclinic.org/sore-throat-remedies-that-actually-work/ ("Honey coats your throat and soothes it by reducing irritation."); https://www.health.harvard.edu/staying-healthy/got-a-cold-try-some-honey;
[6] https://www.pennmedicine.org/updates/blogs/health-and-wellness/2018/february/sore-throat#:~:text=Similar%20to%20salt%20water%20and,to%20fight%20off%20your%20infection
[7] https://www.medicinenet.com/home_remedies_for_sore_throat/article.htm

22. As the entity responsible for the development, manufacturing, packaging, advertising, distribution and sale of the Product, Defendant knew or should have known that the Product falsely and deceptively represents that it contains lemon and honey.

23. Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Product, would rely on Defendant's front label representations about honey and lemon. Nonetheless, Defendant deceptively advertises the Product in order to deceive consumers and gain an unfair advantage in the market.

24. Consumers are willing to pay more for the Product based on the belief that the Product contains honey and lemon, as promised on the front label. Plaintiff and other consumers would have paid significantly less for the Product, or would not have purchased it at all, had they known that the truth about it. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and the Class would not have paid had they been fully informed.

25. Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS DEFINITION AND ALLEGATIONS

26. Plaintiff brings this matter on behalf of herself and those similarly situated. Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiff seeks to represent the following Class (herein, the "New York Class" or "Class"):

> All residents of New York who purchased the Product in New York for personal, family, or household consumption and not for resale within the applicable statute of limitations.

27. Plaintiff reserves the right to amend the Class definitions if discovery or further investigation reveal that the Class should be expanded or narrowed, divided into additional subclasses under Rule 23(c)(5), or modified in any other way.

28. The following people and entities are excluded from the Class: (1) any Judge or Magistrate presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

30. **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records. At a minimum, there likely tens of thousands of Class members.

31. **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

    a. whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

b.  whether reasonable consumers would rely upon Defendant's representations about the Product and reasonably believe the Product contains honey and lemon;

c.  whether Defendant knew or should have known its representations were false or misleading;

d.  whether Defendant was unjustly enriched by retaining monies from the sale of the Product;

e.  whether certification of the Class is appropriate under Rule 23;

f.  whether Plaintiff and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

g.  the amount and nature of the relief to be awarded to the Plaintiff and the Class, including whether Plaintiff and the Class are entitled to punitive damages.

32.  **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Product. Plaintiff and the members of the Class relied on the representations made by the Defendant about the Product prior to purchasing the Product. Plaintiff and the members of each Class paid for Defendant's Product and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

33.  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Class as her interests do not conflict with the interests of the members of the proposed Class she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

34. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Class. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

35. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
(*On Behalf of Plaintiff and the Class*)

36. Plaintiff repeats and realleges Paragraphs 1-35 as if fully set forth herein.

37. New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

38. The conduct of Defendant alleged herein constitutes "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the New York Class Members seek monetary damages.

39. Defendant misleadingly, inaccurately, and deceptively advertised and marketed its Product to consumers.

40. Defendant's improper consumer-oriented conduct—including labeling and representing that the Product contains honey and lemon —is misleading in a material way in that it, *inter alia*, induced Plaintiff and the Class to purchase and pay a premium for Defendant's Product and to consume the Product when they otherwise would not have. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

41. Plaintiff and the Class have been injured inasmuch as they paid a premium for the Product that did not contain honey and lemon, contrary to Defendant's representations on the Product. Accordingly, Plaintiff and the Class received less than what they bargained and/or paid for.

42. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the Class have been damaged thereby.

43. As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff and the Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350**
(*On Behalf of Plaintiff and the Class*)

44. Plaintiff repeats and realleges Paragraphs 1-35 as if fully set forth herein.

45. New York General Business Law § 350 provides, in part, as follows: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

46. GBL § 350-a(1) provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. …

47. Defendant's representation on the labeling of the Product that the Product contains honey and lemon are materially misleading representations inasmuch as they misrepresent that the Product contains honey and lemon when it does not.

48. Plaintiff and Class members have been injured inasmuch as they relied upon the labeling of the Product and paid a premium for product that did not contain honey and lemon, contrary to Defendant's representations. Accordingly, Plaintiff and Class members received less than what they bargained and/or paid for.

49. Defendant's labeling of the Product induced Plaintiff and the Class to buy Defendant's Product. Thus, Defendant made material misrepresentations about the Product.

50. Defendant made the foregoing untrue and/or misleading representations willfully, wantonly, and with reckless disregard for the truth.

51. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Product were exposed to Defendant's material misrepresentations.

52. As a result of Defendant's "unlawful" deceptive acts and practices, Plaintiff and the Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF BREACH OF EXPRESS WARRANTY STATUTES**
(*On behalf of Plaintiff and the Class*)

53. Plaintiff repeats and realleges Paragraphs 1-35 as if fully set forth herein.

54. Plaintiff and members of the Class formed a contract with Defendant at the time they purchased the Product. As part of that contract, Defendant represented on the front label of the Product that the Product contains lemon and honey, including by using both words and depicting both ingredients.

55. These representations constitute an express warranty and became part of the basis of the bargain between Plaintiff and members of the Class, on the one hand, and Defendant, on the other.

56. Defendant made the representations to induce Plaintiff and members of the Class to purchase the Product, and Plaintiff and the Class relied on the representations in purchasing the Product.

57. All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff and the Class.

58. Express warranties by a seller of consumer goods are created when an affirmation of fact or promise is made by the seller to the buyer, which relates to the goods and becomes the basis of the bargain. Such warranties can also be created based upon descriptions of the goods which are made as part of the basis of the bargain that the goods shall conform to the description.

59. Defendant breached the express warranties about the Product because, as alleged above, the Product does not contain lemon or honey.

60. As a result of Defendant's breaches of express warranty, Plaintiff and Class members were damaged in the amount of the premium price they paid for the Product, in amounts to be proven at trial.

61. In or around May 2022, Plaintiff discovered this breach. On May 16, 2022 Plaintiff, on behalf of herself and others similarly situated, sent a notice and demand letter to Defendant providing notice of Defendant's breach.

## FOURTH CLAIM FOR RELIEF
## IN THE ALTERNATIVE, UNJUST ENRICHMENT
*(On behalf of Plaintiff and the Class)*

62. Plaintiff repeats and realleges Paragraphs 1-35 as if fully set forth herein.

63. To the extent the Court finds that Plaintiff and the members of the Class did not form a contract with Defendant at the time they purchased the Product, Plaintiff brings this claim for unjust enrichment in the alternative, individually and on behalf of the Class.

64. Plaintiff and the Class purchased Defendant's Product and paid a premium for the Product. Defendant misrepresented that the Product contained honey and lemon, which commanded a price premium on the market.

65. Defendant had knowledge of such benefit and obtained the benefit by its misrepresentations because the misrepresentations induced reasonable consumers to purchase the Product when they would not otherwise have purchased it or would have purchased it at a lower price.

66. Defendant appreciated this benefit and knowingly accepted it at the expense of, and to the detriment of, Plaintiff and the Class. Defendant currently retains this benefit.

67. Defendant's acceptance and retention of the benefits is inequitable and unjust because the benefit was obtained by Defendant's misconduct detailed at length in this Complaint.

68. Equity cannot in good conscience permit Defendant to be economically enriched for such action at the expense of Plaintiff and the Class, and therefore restitution and/or disgorgement of such economic enrichment is required.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of other members of the proposed Class(es), respectfully request that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    a. Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

    b. A declaration or declaratory judgment that Defendant's conduct has violated and continues to violate the statutes and laws cited herein;

    c. An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to

          Plaintiff and members of the Class to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice;

d.    An award of damages, including all available statutory and punitive damages, pursuant to the statutes and the causes of action pled herein;

e.    Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and applicable, to prevent Defendant from retaining the benefit of its wrongful conduct;

f.    An award of all recoverable costs and expenses, including reasonable fees for Plaintiff's attorneys; and

g.    An award of pre- and post-judgment interest to Plaintiff and members each of the Class if applicable; and, ordering further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff and members of the Class demand a jury trial on all issues so triable.

DATED: August 11, 2022          **CUSTODIO & DUBEY, LLP**

By:   /s/ Robert Abiri

Robert Abiri (SBN 238681)
E-mail: abiri@cd-lawyers.com
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

*Attorney for Plaintiff and the Putative Classes*